IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of Dave C. Terry’s termination from the Mississippi Division of Medicaid after he was convicted of stalking and simple assault. Terry appealed his termination within the Division; when his termination was affirmed, Terry appealed to the Hinds County Circuit Court, which affirmed the Division’s decision. Feeling aggrieved, Terry appeals and asserts that the Division erred in striking his witness list, that there is insufficient evidence supporting his termination, and that his termination was based on gender discrimination.
¶ 2. Finding no reversible error, we affirm the circuit court’s judgment.
FACTS
¶ 3. Terry began working for the Division sometime prior to 2004.[1] On July 22, *1102 2004, Terry was convicted of simple assault and stalking after pleading guilty to those charges. Other charges pending against Terry were remanded to his file at that time. In early August 2004, the Division began proceedings to terminate Terry’s employment on the basis of the convictions. After a termination hearing, Dr. Warren Jones, then director of the Division, sent Terry a letter on August 31, 2004, formally terminating Terry’s employment.
¶ 4. On September 13, 2004, Terry filed a notice of appeal with the Mississippi Employee Appeals Board (the EAB). The first hearing before the EAB was scheduled for November 23, 2004. On November 22, 2004, Terry requested and was granted a continuance. His hearing was then scheduled for March 17, 2005. On March 16, 2005, Terry requested and was granted a second continuance. His appeal was then continued until May 12, 2005. Sometime after March 16, 2005, Terry hired new counsel. On May 2, 2005, Terry filed a list of witnesses and subpoena requests in anticipation of his May 12 appeal hearing.
¶ 5. The Division moved to strike Terry’s witness list as having been untimely filed. The EAB hearing officer agreed and struck the list. After Terry filed a motion challenging the timeliness of the Division’s witness list, the Division’s list was also stricken by the hearing officer. Consequently, the only witnesses who were permitted to testify at the hearing were Terry and Rachel Shinard, who testified as the Division’s representative. However, Terry declined to testify or offer any evidence at the hearing.
¶ 6. Shinard testified that Terry was terminated as a result of a Group III violation. According to Shinard, conviction of any misdemeanor or felony is sufficient basis for termination. When asked why a less stringent punishment than termination was not applied to Terry, Shinard testified that there were other offenses and infractions contained in Terry’s personnel file. However, Terry’s file was never introduced into evidence during the hearing.
¶ 7. At the hearing, Terry’s attorney argued that Terry’s conviction had been expunged and, therefore, the Division had no basis for terminating Terry’s employment. No document proving the expungement was ever introduced into evidence, and Terry does not contend on appeal that his termination was improper as a result of any expungement. A certified copy of the judgments of conviction for stalking and simple assault were introduced at the hearing. Terry does not contest the validity of the convictions in his appeal.
118. After the hearing, the hearing officer found that there was a sufficient basis for the termination of Terry’s employment. As stated, Terry appealed that decision to the full EAB, which affirmed the hearing officer’s decision, and then to the circuit court, which affirmed the termination. The circuit court found that Terry’s witness list was filed untimely and that the witnesses would have been of no assistance to Terry, as none of the witnesses could have negated the evidence of Terry’s convictions. Accordingly, the circuit court affirmed the EAB’s decision.
¶ 9. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Witness List

¶ 10. Terry contends that his witness list was improperly stricken. Terry *1103 argues that due process required that he be allowed to call witnesses on his behalf. Terry also claims that his witness list was timely filed because it was filed more than ten days before the final hearing date.
¶ 11. Mississippi Code Annotated section 25-9-132 (Rev.2010) required the circuit court, in reviewing the EAB’s decision, “to determine if the action of the [EAB][wa]s unlawful for the reason that it was: (a) [n]ot supported by any substantial evidence; (b) [arbitrary or capricious; or (c) [i]n violation of some statutory or constitutional right of the employee.” Other than the above stated reasons, there are no grounds for reversing the decision of the EAB. Pannell v. Tombigbee River Valley Water Mgmt. Dist., 909 So.2d 1115, 1120 (¶ 11) (Miss.2005) (citation omitted). An appellate court “must often determine whether a circuit court has exceeded its authority in overturning an agency action, and ... proceed[s] aware that ‘a rebutta-ble presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging an agency’s action.’ ” Id. (quoting Miss. Transp. Comm’n v. Anson, 879 So.2d 958, 963 (¶ 13) (Miss.2004)). Ultimately, the EAB’s decision must be based on “substantial evidence.” Id. (citing Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, 425 (¶ 11) (Miss.2000)).
¶ 12. We note that “[t]he control of discovery is a matter committed .to the sound discretion of the trial judge.” Holland v. Mayfield, 826 So.2d 664, 673 (¶ 37) (Miss.1999) (quoting Broadhead v. Bonita Lakes Mall, 702 So.2d 92, 104 (¶ 44) (Miss.1997)). Here, the hearing officer sat in the position of a trial judge." We find no error with the hearing officer’s conclusion that Terry’s witness list should have been filed at least ten days prior to Terry’s original hearing date. We note that the Division’s witness list was similarly struck as untimely. We should also note that Terry did not make a proffer before the EAB as to what his witnesses would have testified to. In any event, we fail to see how any of these witnesses could refute the fact of Terry’s convictions. Consequently, we find no merit to this contention.

2. Substantial Evidence

¶ 13. Terry next contends that there was insufficient evidence to support his termination. He complains that Shi-nard testified that Terry was terminated, in part, because of “other offenses” in Terry’s personnel file.
¶ 14. It is clear that, under the Division’s personnel rules, Terry or any other Division employee could be terminated upon conviction of a misdemeanor or felony. When Terry pleaded guilty to stalking and simple assault, he was convicted of a misdemeanor or felony. The Division needed no further justification to terminate Terry’s employment. Since Terry’s convictions were sufficient to justify his termination, and he has not contested the validity of his convictions, substantial evidence undergirds the EAB’s decision. Therefore, this contention of error is without merit.

3. Civil-Rights Violation

¶ 15. Terry next complains that his termination was illegally based on his gender. His sole reasoning is that Shi-nard testified during the hearing that Terry “worked in an office full of women.” Terry provides no other evidence that his termination was based on his gender. Therefore, he has failed to provide sufficient evidence to show that his termination was based on gender discrimination. Shi-nard merely provided information regarding the office in which Terry had worked. No further discussion was held during the *1104 hearing regarding Terry’s gender. In fact, there is nothing to suggest that the issue of any alleged gender discrimination was raised prior to Terry’s appeal of his termination. Furthermore, as already discussed, Terry’s convictions were sufficient reasons for the Division to terminate his employment.
¶ 16. This contention of error is also without merit.
¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.

. Although we have not found a definitive statement in the record regarding when Teriy began his employment with the Division, the receipt indicating that he had received a copy *1102 of the employee handbook was signed on February 1, 2001.